**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY MATHISON,<br>*Petitioner*,<br>v.<br>WARDEN FCI FAIRTON,<br>*Respondent*. | Civil Action No. 25-3833<br>**MEMORANDUM ORDER**<br>September 10, 2026 |

**SEMPER,** District Judge.

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus filed by Petitioner Anthony Mathison pursuant to 28 U.S.C. § 2241. (ECF 1, "Petition" or "Pet.") Respondent filed an opposition to the Petition. (ECF No. 6, "Response" or "Res.") The Court decides the matter without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a federal inmate currently confined at Federal Correctional Institution, Fairton ("FCI Fairton"). Proceeding *pro se*, he initiated this habeas action on May 5, 2025, challenging the Bureau of Prisons' ("BOP") calculation and application of earned time credits under the First Step Act ("FSA"). (*See* Pet.) Petitioner thereafter paid the filing fee.

In his Petition, Petitioner asserts that he has completed more than thirty-five qualifying evidence-based recidivism reduction programs and productive activities and, as a result, has accrued substantial earned time credits under 18 U.S.C. § 3632(d)(4). (Pet. at 12; ECF 1-2, "Ex.

B.") He contends that the BOP has unlawfully refused to apply those credits toward early release or prerelease custody. (*See* Ex. B at 5-6.)

The materials appended to the Petition reflect that Petitioner pursued administrative relief prior to filing suit. (*See* ECF 1-1, "Ex. A.") At the institutional level, Petitioner submitted a request seeking an explanation for the BOP's failure to apply his FSA credits. (*Id.* at 9-11.) The Warden denied that request, explaining that although Petitioner had accrued programming credits, he could not apply them because he remained classified as a "medium" risk under the PATTERN[1] assessment tool. (*Id.* at 12). The response further advised that application of credits is contingent upon achieving a lower recidivism risk classification. (*Id.*)

Petitioner attempted to appeal that determination to the Regional Office. (*Id.* at 13.) However, his appeal was rejected as untimely and procedurally deficient, with instructions permitting resubmission in proper form. (*Id.* at 14). The record does not indicate that Petitioner cured those deficiencies or pursued further review at the Central Office level.

Following the filing of the Petition, the Court screened the pleading and, on August 1, 2025, entered an Order directing Respondent to answer. (ECF 3). Respondent appeared through counsel on September 16, 2025, (ECF 4), and filed a Response in opposition on September 24, 2025, (ECF 6), after seeking a brief extension. (ECF 5.) Respondent subsequently filed notices advising the Court of Standing Order 2025-06, which stayed certain civil matters involving the United States. (ECF Nos. 7, 8.) Petitioner thereafter filed a letter to request expedited adjudication

---

[1] The PATTERN is the risk assessment instrument developed by the BOP pursuant to the First Step Act of 2018. PATTERN evaluates an inmate's risk of recidivism using a combination of static factors (such as criminal history and age) and dynamic factors (such as institutional conduct and program participation), assigning the inmate to one of four risk categories: minimum, low, medium, or high. The BOP uses an inmate's PATTERN score, among other considerations, to assess eligibility for certain FSA earned time credit benefits and programming opportunities.

of the Petition. (ECF 9.) The matter is now ripe for disposition.

The administrative records further confirm that, although Petitioner has earned FSA time credits through program participation, he is presently classified as a "medium" risk and therefore cannot yet apply those credits toward early release or prerelease custody. (*See* Ex. A.) His projected release date remains November 22, 2026. (*Id.* at 6.)

## II. <u>LEGAL STANDARD</u>

A petition under 28 U.S.C. § 2241 is the proper vehicle for a federal prisoner to challenge the execution of his sentence, including the calculation of sentence credits. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-44 (3d Cir. 2005) (holding that § 2241 is the appropriate mechanism for challenging BOP decisions affecting the execution of a sentence, including placement and credit determinations).

Although *pro se* pleadings are liberally construed, a petitioner bears the burden of demonstrating that the BOP's execution of his sentence violates federal law. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (directing courts to apply less stringent standards to *pro se* pleadings); *see Cardona v. Bledsoe*, 681 F.3d 533, 535-37 (3d Cir. 2012) (holding that a petitioner challenging the execution of his sentence under § 2241 must allege that the BOP's conduct is inconsistent with a command or recommendation in the sentencing judgment).

## III. <u>DISCUSSION</u>

### a. Exhaustion of Administrative Remedies

Federal prisoners are ordinarily required to exhaust administrative remedies prior to seeking relief under § 2241. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-62 (3d Cir. 1996) (holding that failure to properly exhaust administrative remedies constitutes a procedural default barring habeas review absent cause and prejudice). This requirement serves important

institutional interests, including allowing the agency to develop a factual record and apply its expertise. *Id*. at 761.

Here, Petitioner did not properly complete the administrative process. Although he sought relief at the institutional level, his regional appeal was rejected as untimely, and he did not pursue further review. (Ex. A. at 14). Under *Moscato*, this failure constitutes procedural default.

Petitioner argues that exhaustion should be excused as futile. Indeed, "exhaustion is not required when the petitioner demonstrates that it is futile," but only in limited circumstances. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (recognizing a narrow futility exception). The mere likelihood of an adverse decision does not suffice. *See id*. (rejecting futility where agency has authority to grant relief).

Because the BOP addressed the substance of Petitioner's claim and administrative remedies remained available, exhaustion is not excused. The Petition is therefore subject to denial on this ground.

**b. Constitutional Claims**

Petitioner's constitutional claims are likewise unavailing.

To establish a due process violation, a petitioner must demonstrate the deprivation of a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that liberty interests arise only where prison conditions impose atypical and significant hardship). Petitioner has failed to do so here. *See Layton v. Beyer*, 953 F.2d 839, 847-48 (3d Cir. 1992) (holding that a protected liberty interest arises only where governing law establishes substantive predicates that constrain official discretion and creates a reasonable expectation of the asserted benefit).

Petitioner's equal protection claim fails for similar reasons. He has not identified similarly situated individuals who were treated differently, nor has he shown that the BOP's use of the

PATTERN risk assessment tool lacks a rational basis. *See Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010) (explaining that equal protection requires a showing of disparate treatment among similarly situated individuals and lack of rational basis).

## IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS** on this 10th day of September 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**